IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**Faith S.,**[1]

    Plaintiff,

v.

**COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,**

    Defendant.

**Civ. No. 3:19-cv-01120-MC**

**OPINION AND ORDER**

**MCSHANE, Judge**:

Plaintiff Faith S. brings this action for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") under Title XVI of the Social Security Act. This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). The issue before this Court is whether the Administrative Law Judge ("ALJ") erred in rejecting Dr. Scott Alvord's, Psy.D., medical opinion. Because there is substantial evidence in the record to support the ALJ's finding and errors, if any, were harmless, the Commissioner's decision is AFFIRMED.

### PROCEDURAL AND FACTUAL BACKGROUND

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case.

1 – OPINION AND ORDER

Plaintiff applied for SSI on September 18, 2015, alleging disability since August 17, 2015. Tr. 189.[2] Her claim was denied initially and upon reconsideration. Tr. 68, 78. Plaintiff timely requested a hearing before an ALJ and appeared before the Honorable Rudolph Murgo on July 17, 2018. Tr. 103, 37. ALJ Murgo denied Plaintiff's claim by a written decision dated August 6, 2018. Tr. 18. Plaintiff sought review from the Appeals Council and was denied on May 29, 2019, rendering the ALJ's decision final. Tr. 186, 1. Plaintiff now seeks judicial review of the ALJ's decision. Plaintiff was 25 years old at the time of her alleged disability onset and 28 at the time of her hearing. *See* tr. 292, 189, 37. Plaintiff has a high school diploma and has never had a job. Tr. 43, 375, 379–80, 45. Plaintiff alleges disability due to epilepsy, vision problems, and autism spectrum disorder. Tr. 210, 14, 361, 382.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989) (citing

---

[2] "Tr." refers to the Transcript of Social Security Administrative Record, ECF No. 9, provided by the Commissioner.

*Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986)). "'If the evidence can reasonably support either affirming or reversing,' the reviewing court 'may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720–21 (9th Cir. 1996)).

## DISCUSSION

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2012). The burden of proof rests on the claimant for steps one through four, and on the Commissioner for step five. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). At step five, the Commissioner's burden is to demonstrate that the claimant can make an adjustment to other work existing in significant numbers in the national economy after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is considered disabled. *Id.*

Dr. Scott Alvord, Psy.D., evaluated Plaintiff on November 28, 2017 and April 5, 2018. Tr. 378–96. The ALJ gave little weight to Dr. Alvord's opinion. Tr. 28. "To reject an uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (citation omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* When evaluating conflicting medical opinions, an ALJ need not accept a brief, conclusory, or inadequately supported opinion. *Id.*

Here, Dr. Alvord diagnosed Plaintiff with autism spectrum disorder, mild neurocognitive disorder, and anxiety disorder. Tr. 382. Dr. Alvord opined that Plaintiff was moderately impaired in her ability to understand, remember, and carry out simple instructions. Tr. 385. Dr. Alvord opined that Plaintiff was markedly impaired in her ability to make judgments on simple and complex work-related decisions, understand, remember, and carry out complex instructions, interact appropriately with the public, supervisors, and coworkers, and respond appropriately to usual work situations and changes in a routine work setting. *Id.* Finally, Dr. Alvord opined that Plaintiff's psychiatric problems would prevent her from working three to four days per month. Tr. 386. Dr. Alvord's opinion is uncontradicted. *See* Pl.'s Mot. 8, ECF No. 10, Def.'s Mot. 3, ECF No. 12. Therefore, the ALJ needed provide clear and convincing reasons supported by substantial evidence to properly reject Dr. Alvord's opinion. *See Bayliss*, 427 F.3d at 1216 (citation omitted). The ALJ did so here.

An ALJ must weigh the following factors when considering medical opinions: (1) whether the source has an examining relationship with claimant; (2) whether the source has a treatment relationship with claimant; (3) supportability (as shown by relevant evidence and explanation); (4) consistency with the record as a whole; (5) specialization; and (6) other factors, including the source's familiarity with other information in the record. 20 C.F.R. § 404.1527(c)(1)–(6).

Dr. Alvord examined Plaintiff twice and has no treatment relationship with her. *See* tr. 378–96. The ALJ found that Dr. Alvord's opinion was inconsistent with the objective medical evidence in the record and Plaintiff's testimony. Tr. 28. The ALJ cited Plaintiff's normal performance on mental status examinations, normal range intelligence quotient ("IQ"), grossly

4 – OPINION AND ORDER

normal psychiatric reports, and lack of treatment for autism or anxiety. *Id.* (citing tr. 294, 381, 285, 322, 327, 362, 373). The ALJ also cited Plaintiff's testimony that "she has many friends, read avidly, and was particularly good at taking in information." Tr. 28; *see* tr. 49, 43–44, 49, 55. The ALJ concluded that Plaintiff has the RFC to perform medium work with certain limitations, including limitation to simple, routine tasks. Tr. 24.

Plaintiff argues that the ALJ failed to provide clear and convincing reasons for rejecting Dr. Alvord's opinion and misconstrued Dr. Alvord's opinion. Pl.'s Br. 6–13.

Consistent with the ALJ's findings, Dr. Derek Leinenbach and Dr. Alvord's mental examinations revealed largely normal findings. Plaintiff tested thirty out of thirty on Dr. Leinenbach's examination. Tr. 294. She had poor eye contact, relied on her mother to answer questions, was easily confused by multi-step instructions, and had difficulty with basic instructions. *Id.* However, she was alert, dressed appropriately, responded appropriately, and did not appear anxious or depressed. *Id.* Similarly, Dr. Alvord found that Plaintiff had poor eye contact and was significantly impaired in adaptive functioning. Tr. 380. However, she was adequately dressed and groomed, gave adequate effort, and had intact thought processes. *Id.* She had intact short- and long-term memory, could recall three out of three words after five minutes, could do basic math, spelled "world" forward and backward, showed adequate abstract thought, showed adequate judgment regarding a hypothetical social problem, and could name recent news events. Tr. 381. She had a full-scale IQ score of 86, which is in the low average range. Tr. 381–82. Other medical providers noted that Plaintiff had a normal attention span and memory, acted alert, and showed appropriate mood and affect. Tr. 285, 322, 327, 362, 373.

This objective medical evidence is clearly inconsistent with Dr. Alvord's opinion that Plaintiff was moderately impaired in her ability to understand, remember, and carry out simple instructions and markedly impaired in her ability to make simple decisions and interact with others. Tr. 385. Dr. Alvord based his opinion, in part, on Autism Diagnostic Observation Schedule tests. Tr. 382. Dr. Alvord explained that:

> It is noteworthy that [Plaintiff] was home schooled and despite the fact that her IQ is low average and she succeeded academically in a home schooling setting, the fact that she did not proceed beyond first grade in a more traditional school setting is telling. It is also telling that she has little to no work experience. All things considered, she is in need of Autism Spectrum symptoms to be identified and accommodated.

*Id.* Regardless, the Ninth Circuit has held that presenting as engaging and cooperative, being adequately groomed and punctual, and maintaining friendships tends to undermine claims of marked social limitations. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Moreover, the ALJ limited Plaintiff's RFC to simple, routine tasks. Tr. 24.

Plaintiff argues that her "lack of treatment for autism and anxiety" is an illegitimate reason to reject Dr. Alvord's opinion because she was unaware of her conditions. Pl.'s Br. 11–12. An ALJ must weigh supportability and consistency with the record as a whole when considering medical opinions. 20 C.F.R. § 404.1527(c)(1)–(6). The ALJ properly considered Plaintiff's lack of mental health records as unsupportive of and inconsistent with Dr. Alvord's opinion that Plaintiff's mental health issues seriously limited her functioning.

The ALJ also properly considered Plaintiff's testimony in rejecting Dr. Alvord's opinion. Plaintiff testified that she has friends, many of whom lived in California. Tr. 49. She does not text, call, or email them because they are busy. *Id.* She has one friend who is several years younger than her and has similar interests. *Id.* She was home schooled and hasn't interacted with

the group she graduated with due to "circumstances." Tr. 43. Her mother said that she was a "loner." Tr. 379. Still, she has at least one good friend and is not close to her other friends due to distance and other circumstances. A court should uphold the ALJ's findings if supported by inferences reasonably drawn from the record; if evidence exists to support more than one rational interpretation, the court is bound to uphold that interpretation. *Batson.*, 359 F.3d at 1196; *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014). In other words, a "coin-flip" as to an issue of factual interpretation, such as this one, requires deference to the ALJ.

Plaintiff also testified that she loves reading, is interested in linguistics and writing books, and loves languages. Tr. 49, 44. She is very good at taking in information but sometimes gets flustered when talking to people. Tr. 55–56. An ALJ may consider inconsistency between a treating provider's opinion and a claimant's daily activities in evaluating a medical opinion. *See Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citing *Morgan*, 169 F.3d at 600–02). In *Morgan*, the physician's reports failed to show how the plaintiff's symptoms translated into specific functional limitations that precluded work activity. *Morgan*, 169 F.3d at 601. Here, Dr. Alvord acknowledged that Plaintiff had a low average IQ and succeeded academically in a home school setting. Tr. 382. Dr. Alvord opined, however, that Plaintiff was moderately impaired in her ability to understand, remember, and carry out simple instructions and markedly impaired in her ability to make judgments on simple and complex work-related decisions. Tr. 385. Like the physician in *Morgan*, Dr. Alvord failed to explain how Plaintiff's autism spectrum disorder and anxiety translate into specific functional deficits precluding work activity.

The ALJ offered clear and convincing reasons supported by substantial evidence for giving Dr. Alvord's opinion little weight.

7 – OPINION AND ORDER

Plaintiff next argues that the ALJ misconstrued Dr. Alvord's opinion, which, when properly construed, shows that Plaintiff meets a listing for autism spectrum disorder. Pl.'s Br. 6–7 (citing 20 C.F.R. § 404.1520(d); tr. 23–24). The ALJ stated that Dr. Alvord opined that Plaintiff had "more than a slight limitation" in her ability to understand, remember, and carry out simple instructions but could still "function satisfactorily." Tr. 28. Dr. Alvord found that Plaintiff was moderately impaired in her ability to understand, remember, and carry out simple instructions and did not explicitly comment on Plaintiff's ability to "function satisfactorily." Tr. 385. Dr. Alvord's report, however, defined "moderate" as "[t]here is a slight limitation in this area but the individual is still able to function satisfactorily." Tr. 384. Therefore, the ALJ's interpretation was accurate.

The ALJ erred in stating that Dr. Alvord found that Plaintiff had "more than a slight limitation" in her ability to make simple work-related decisions. Tr. 28. Dr. Alvord opined that Plaintiff would have marked limitations in that area. Tr. 385. Even so, this error is harmless because the ALJ had other clear and convincing reasons supported by substantial evidence to reject Dr. Alvord's opinion. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (holding that an error is harmless if it is "inconsequential to the ultimate nondisability determination.").

Substantial evidence exists in the record to support the ALJ's interpretation and rejection of Dr. Alvord's opinion. Because the ALJ's errors, if any, were harmless, this Court does not reach Plaintiff's credit-as-true arguments.

## **CONCLUSION**

For these reasons, the Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 31st day of July, 2020.

s/ Michael J. McShane
Michael J. McShane
United States District Judge
